IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL DAVIS,                :       Civil No. 3:20-cv-519

            Petitioner      :       (Judge Mariani)

     v.                     :

WARDEN CATRICIA HOWARD,    :

            Respondent    :

## MEMORANDUM

Petitioner Carl Davis ("Davis") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his judgment and sentence entered in the United States District Court for the District of Maryland. (Doc. 1). For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I.   Background

On December 11, 2019, Davis pleaded guilty to armed bank robbery in the United States District Court for the District of Maryland. *See United States v. Davis*, No. 1:18-CR-0551 (D. Md.), Docs. 48, 51. On or about December 17, 2019, Davis was sentenced to total term of imprisonment of 132 months, followed by five (5) years of supervised release, and restitution in the amount of $22,211.00. *Id.*, Docs. 49, 53, 54.

On April 6, 2020, Davis filed a motion to vacate, set aside, or correct sentence in the United States District Court for the District of Maryland. *Id.*, Docs. 67, 68. On April 15, 2020, the Maryland District Court issued an order directing the Government to respond to

Davis' motion to vacate.  *Id.*, Doc. 68.  It appears that the matter is still pending before the

Maryland District Court.

On March 26, 2021, Davis filed a motion for compassionate release with the

sentencing court.  *Id.*, Doc. 72.  The motion is currently pending before the sentencing court.

Davis filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

challenging his underlying criminal conviction and asserts that he is in custody unlawfully.

(Doc. 1).  For relief, Davis requests, *inter alia*, immediate release from custody.  (*Id.* at 10).

## II.   Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in

violation of the Constitution may generally be brought only in the district of sentencing

pursuant to 28 U.S.C. § 2255.  *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing

*Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d

Cir. 1997).  Davis files the instant § 2241 petition seeking to challenge his underlying

criminal conviction and sentence.  A petitioner may only resort to a § 2241 petition in the

unusual situation where the remedy by motion under § 2255 would be inadequate or

ineffective.  *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52.  Importantly, § 2255

is not "inadequate or ineffective" merely because the sentencing court has previously

denied relief.  *See id.* at 251.  Nor do legislative limitations, such as statutes of limitation or

gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or

ineffective so as to authorize pursuit of a habeas corpus petition in this court.  *Cradle v.*

*United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251).

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence'' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *[United States v.] Tyler*, 732 F.3d [241,] 246 [3d Cir. 2013] (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.' *Id.* Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

Davis' claims fall within the purview of § 2255 because they challenge the imposition of his sentence. It is clear that Davis is pursuing a § 2255 motion in the District of Maryland. *See United States v. Davis*, No. 1:18-CR-0551 (D. Md.). As a general rule, attacks by

3

federal convicts on the validity of the conviction and/or on the validity of the sentence, as imposed (in contrast to a challenge to the sentence as administered), are properly brought by a § 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. *In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001) (stating, "[O]rdinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court."). Despite his contention to the contrary, Davis is challenging his sentence as imposed.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and Davis fails to demonstrate that he falls within the exception initially recognized in *Dorsainvil*, 119 F.3d 245 and reaffirmed in *Bruce*, 868 F.3d 170. If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Cradle*, 290 F.3d at 539. Hence, it is appropriate to dismiss the petition for lack of jurisdiction.

## III.   Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Date: June ___15___, 2021